**ALD-190**                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1877
_____

KING JAMES ALBERT FLOWERS, King of Israel, King of Islara,
King of Wilmington, DE also known as King-Joshua,
Appellant

v.

THE STATE OF DELAWARE; THE SOVERREIGN JURISDICTION OF THE
FEDERAL COURT OF DELAWARE STATE; THE GOVERNORS OFFICE; THE
GOVERNOR; THE ARCH BISHOP OF THE HIGHEST OF DE;  THE MINISTER
FARRAKHAN, Honorable; BRIAN BAHSON, The Chemistry Professor; STANLEY
HEARST, The Pastor; THE HEAD OF STATE, President; C.T. CURRY, The Pastor;
CASSIE BROWN; TOYIA WHERELER/FLOWERS, Sunday Breakfast Mission
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-22-cv-00113)
District Judge:  Honorable Colm F. Connolly
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 7, 2022
Before:  JORDAN, RESTREPO and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 18, 2022)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**PER CURIAM**

Pro se appellant James Flowers appeals from the order dismissing his complaint as frivolous. We will dismiss the appeal.

In his pro se complaint, Flowers argued that the "God of Israel" has designated him a "Chosen King." ECF No. 2 at p. 4. He contended that Delaware failed to recognize him as a monarch and requested "to be free from financial obligation for [the] next four months" due to his status as a monarch. Id. at p. 6. Flowers amended his complaint to add defendants; he then filed motions for counsel, an evidentiary hearing, a legal remedy for injustices he suffered as a descendant of slaves, and a request for Delaware to pay for his "re-citizenship". The District Court dismissed his action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), and denied as moot the remaining motions. This timely appeal followed.

Because Flowers is proceeding in forma pauperis, we must dismiss the appeal if it is frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i). "To be frivolous, a claim must rely on an 'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (quoting Neitzke v. Williams, 490 U.S. 319, 327–28) (1989). We exercise plenary review over a district court's decision to dismiss a complaint under § 1915(e)(2)(B). See Dooley v. Wetzel, 957 F.3d 366, 373-74 (3d Cir. 2020).

2

Flowers's contention that, as a designated monarch he should be relieved of his financial obligations, is clearly baseless. Flowers does not invoke, nor are we aware of, a meritorious legal theory to support his claim. Flowers asserts that the District Court failed to review his case, see C.A. No. 12, but the record indicates otherwise: the District Court accurately summarized the allegations in the complaint and analyzed them under § 1915(e), and considered whether an applicable statute of limitations may preclude relief. See ECF No. 18 at p. 5.

The District Court did not abuse its discretion or otherwise err in dismissing the complaint without providing Flowers an opportunity to amend, because amendment would have indeed been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 113-14 (3d Cir. 2002). In light of its dismissal of the action, the District Court appropriately denied the remaining motions as moot.

For the foregoing reasons, we will dismiss Flowers's appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).